IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:22-CR-00015 |
| v. | |
| MICHAEL WATKINS HAYER | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States, by and through the undersigned counsel, respectfully recommends that the Court sentence the defendant, Michael Hayer, to a total term of incarceration of 240 months, as agreed upon in Hayer's plea agreement.

## LEGAL AUTHORITY AND SENTENCING POSITION

Since *United States v. Booker*, 543 U.S. 220 (2005), a framework developed by which a court determines the appropriate sentence in criminal cases.  Generally, district courts must perform the following four steps:  (1) properly calculate the sentencing range recommended by the advisory Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and if it does not, select a sentence that does serve those factors; (3) implement any applicable mandatory statutory limitations; and (4) articulate on the record the reasons for selecting the particular sentence and especially, if applicable, explain why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a) than one within it.  *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); 18 U.S.C. § 3553(a).

I. **The Defendant's Advisory Sentencing Guidelines Range**

The final Presentence Report ("PSR") was prepared on February 3, 2023.  (Dkt. 41.) Government submits that the PSR correctly calculates the Guidelines with a Total Offense Level

**Government's Sentencing Memorandum—Page 1**

of 44, Criminal History Category IV, and a resulting guideline range of imprisonment of life. PSR, ¶ 78.

## II. A 240-month Sentence Satisfies the Section 3553(a) Factors

Section 3553 of Title 18 provides that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a). Specifically, when fashioning a sentence, the Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the goal of the Court to impose a sentence that:

(A) reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) affords adequate deterrence to criminal conduct;

(C) protects the public from further crimes of the defendant; and

(D) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4) the Guidelines and Guideline range;

(5) any pertinent policy statements;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a)(1)-(7); *Green*, 436 F.3d at 455-56. For the reasons stated below, the Section 3553(a) factors warrant a sentence below the Guidelines and within the range set forth in the Plea Agreement.

### A. The Nature and Circumstances of the Offense

The case against the defendant stemmed from an investigation in Greene County, Virginia related to the death of Victim 1 due to a drug overdose on February 19, 2022. PSR ¶¶ 1, 8-9. It was later determined that Victim 1 died from fentanyl provided to him by the defendant. PSR ¶ 8.

The investigation revealed that between 2019 and 2022, the defendant distributed heroin, fentanyl, and methamphetamine in the central Virginia area, including in Greene and Albemarle counties. PSR ¶ 21. Starting in late 2020 or early 2021, the defendant traveled to North Carolina to purchase heroin and fentanyl to sell. PSR ¶ 21. The defendant sold the narcotics in unique packaging, typically small, glassine wax packages with a stamp on the front. The stamps were various logos, including one from the Disney movie, "Toy Story." PSR ¶¶ 10, 12.

On April 16, 2022, the defendant was stopped by Virginia State Police in Greene County. PSR ¶ 13. The defendant was arrested for an active warrant and a search of his vehicle was conducted. PSR ¶¶ 13-16. Law enforcement found three firearms; 16 bundles of envelopes with wax paper with unique markings, including the Toy Story logo; and marijuana. *Id*. The 16 bundles were tested and identified as fentanyl. PSR ¶ 15.

From April 16, 2022 through June 24, 2022, the defendant was incarcerated at the Central Virginia Regional Jail ("CVRJ"). The defendant continued to distribute drugs from jail by using two individuals, C.H. and F.M. The defendant gave specific instructions to C.H. and F.M. through the jail telephone system. Specifically, the defendant told them to meet with his supplier

**Government's Sentencing Memorandum—Page 3**

in North Carolina, the amount of heroin to purchase from the supplier, how to store the narcotics, and who to sell the heroin to and the price. The defendant's instructions, including detailed driving directions to his supplier, were all captured on the CVRJ recorded telephone calls. PSR ¶ 17. During these phone calls, the defendant admitted he was aware of just how dangerous the narcotics were. *Id*. After C.H.'s first trip to North Carolina to purchase narcotics, the FBI and Greene County Sheriff's Office obtained and executed a search warrant at F.M.'s residence. PSR ¶ 19.

This is extremely serious criminal conduct. The defendant was making his living by pumping dangerous drugs, including fentanyl, into the Western District of Virginia. Further, the defendant was aware of how dangerous these narcotics were, as evidenced by his commentary from jail and his admission that he carried Narcan, an opioid overdose treatment, when he distributed narcotics. (Dkt. 31.) Because of his actions, not only did he profit from other people's addictions, but Victim 1 overdosed on the drugs the defendant sold him and died.

### B. The History and Characteristics of the Defendant

The defendant has previously been convicted of two drug-related offenses. Specifically, in April 2006, he pled guilty to possession of a controlled substance and then in March 2017, he pled guilty to possession with intent to distribute a schedule II controlled substance. PSR ¶¶ 43, 46. The repeat nature of the defendant's conduct is highly concerning. However, it is worth noting that the defendant has never served more than a few years in prison at any given time. A sentence of 240 months is a weighty sentence and significantly higher than any prison sentence the defendant has previously served.

The defendant also quickly accepted responsibility for his actions. Within two months of his initial appearance, he pled guilty to distribution of fentanyl resulting in death, in violation of

**Government's Sentencing Memorandum—Page 4**

21 U.S.C. § 841(a)(1), and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 28.) The defendant's pre-indictment guilty plea quickly resolved this criminal case and prevented Victim 1's family from being put through a long and protracted court proceeding. While the speed in which he pled guilty and accepted responsibility will not bring Victim 1 back, it is a factor to consider.

For these reasons, the government submits that a sentence within the Guidelines, as correctly calculated, is greater than necessary under the Section 3353(a) factors. The parties have reached an agreement that the defendant be sentenced to a period of 240 months and the government respectfully asks the Court to impose that sentence. (Dkt. 29.)

### C. The Remaining Factors

As for the remaining factors under Section 3553(a), the government submits that the recommended sentence (1) promotes respect for the law by imposing a substantial, but not unnecessarily lengthy, sentence on a drug distributor; (2) imposes just punishment and deters the defendant from recidivism; (3) provides general deterrence by reminding the public that offenders of this nature will receive serious sentences; and (4) protects the public. A 240-month sentence is likewise consistent with the kinds of sentences available, creates no disparity among similarly-situated defendants and comports with general sentencing policy. Specifically, the recommended sentence sends a strong message to both the defendant and to those who are contemplating engaging in narcotics trafficking. When dealing in dangerous narcotics, one does not know whether it will lead to an overdose death. A twenty-year prison sentence sends a strong message to would-be narcotics traffickers that they are not only rolling the dice with other people's lives, but should someone overdose on drugs they supplied, the punishment will be swift and significant.

**Government's Sentencing Memorandum—Page 5**

## **CONCLUSION**

For the reasons stated above, the government recommends that the Court impose a 240-month sentence for defendant Michael Hayer.

Respectfully submitted,

CHRISTOPHER R. KAVANAUGH
United States Attorney

*s/Melanie Smith*
MELANIE SMITH
Assistant United States Attorney
Virginia Bar No. 82663
255 West Main Street, Room 130
Charlottesville, VA 22902
Telephone: (434) 293-3180
Melanie.smith@usdoj.gov

## CERTIFICATE

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 15th day of March.

s/<i>Melanie Smith</i>